**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4695**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

PHILLIP RADFORD POTTER,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:13-cr-00010-JPJ-PMS-55)

_____

Submitted:  August 26, 2014     Decided:  September 11, 2014

_____

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph W. Rasnic, Jonesville, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Phillip Radford Potter of five counts of passing false and fictitious checks with the intent to defraud, in violation of 18 U.S.C. § 514(a)(2) (2012), and conspiracy to pass false and fictitious checks with the intent to defraud, in violation of 18 U.S.C. § 371 (2012). On appeal, Potter challenges his conviction, arguing that the Government did not meet its burden to prove beyond a reasonable doubt that he had the intent to defraud. We affirm.

We review de novo the district court's denial of a motion for judgment of acquittal. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks and brackets omitted). The test is whether "any rational trier of fact could have found the essential elements beyond a reasonable doubt." United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009) (internal quotation marks omitted).

We consider "the complete picture" created by the evidence, United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc), including both circumstantial and direct evidence, and draw all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). If the evidence supports different interpretations, the jury decides which interpretation to believe, and we "may not overturn a substantially supported verdict merely because [we] find[] the verdict unpalatable or determine[] that another, reasonable verdict would be preferable." Burgos, 94 F.3d at 862. Rather, "[a] defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012) (internal quotation marks and citations omitted).

To sustain convictions under 18 U.S.C. § 371 and § 514(a)(2), the government must prove, among other elements, that the defendant had the intent to defraud when cashing the false or fictitious instrument. See 18 U.S.C. § 514(a) ("Whoever, with the intent to defraud . . . ."); Ingram v. United States, 360 U.S. 672, 678 (1959) ("Conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense

3

itself." (internal quotation marks omitted)). Like other facts, "[f]raudulent intent may be inferred from the totality of the circumstances and need not be proven by direct evidence." United States v. Ham, 998 F.2d 1247, 1254 (4th Cir. 1993). Moreover, under the doctrine of willful blindness, knowledge may be inferred where a defendant deliberately avoids enlightenment. United States v. Campbell, 977 F.2d 854, 857 (4th Cir. 1992).

Here, although there was no direct evidence of Potter's intent to defraud, we conclude that the jury could have determined that the circumstances surrounding the check-cashing scheme were suspicious enough to alert Potter to the fraudulent nature of the scheme. Moreover, the evidence suggests that Potter passed up opportunities to confirm that the checks were legitimate, even after he expressed his concern that the scheme was illegal. Thus, the jury could have concluded that Potter "subjectively believe[d] that there [was] a high probability that" the checks were invalid and that he took "deliberate actions to avoid learning" that they were in fact invalid. Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2070 (2011).

Accordingly, we conclude that the Government met its burden to prove beyond a reasonable doubt that Potter had the intent to defraud, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED